IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO BLANCHARD,                 )
M03227,                            )
                                   )
                    Plaintiff,     )
                                   )
vs.                                )
                                   )
LATOYA HUGHES,                     )
JOHN/JANE DOE 1,                   )
JOHN/JANE DOE 2,                   )    Case No. 24-cv-1928-DWD
ANTHONY WILLS,                     )
KEVIN REICHERT,                    )
JOHN/JANE DOE 3,                   )
JOHN/JANE DOE 4,                   )
S. LEWIS,                          )
JOHN/JANE DOE 5,                   )
FRANK LAWRENCE,                    )
TOBY MOHR,                         )
JOHN/JANE DOE 6,                   )
JOHN/JANE DOE 7,                   )
BIRKER,                            )
WHITE,                             )
                    Defendants.    )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on pro se Plaintiff Antonio Blanchard's Second Amended Complaint (Doc. 26). Plaintiff is an inmate of the Illinois Department of Corrections (IDOC), who is currently incarcerated at Menard Correctional Center (Menard). Plaintiff's original complaint was dismissed in its entirety because it was overly broad and generic and did not satisfy Rule 8's short and plain requirement, . (Doc. 18 at 3-6). Plaintiff was informed that in addition to being too vague, the complaint violated Federal Rules of Civil Procedure 18-21, which prohibit parties from joining

numerous unrelated claims against a group of defendants in a single lawsuit.  (*Id.* at 6-7).

Plaintiff's First Amended Complaint (Doc. 22) was then stricken for again violating the

Federal Rules concerning the joinder of claims and parties in a single lawsuit, and he was

again advised that generic claims against groups of defendants were insufficient.  (Doc.

25).  Plaintiff filed a timely second amended complaint, which the Court now reviews

under the terms of 28 U.S.C. § 1915A.

Plaintiff's Second Amendment complaint is significantly shorter than earlier

pleadings at just 19-pages, but it still concerns numerous topics and does not clearly

associate the alleged harms with the personal actions of the fifteen named defendants.

(Doc. 26).  As the Court explained in relation to the First Amended Complaint, a

statement can be short without giving an adequate description of the alleged actions of a

defendant.  The Second Amended Complaint is no exception.  Plaintiff has eleven

numbered paragraphs that are meant to serve as the factual assertions about the alleged

harms that he suffered, but not a single one of these paragraphs describes individual

actions taken by the defendants.  For example, in paragraph 1 Plaintiff alleges, "12-6-23

to 12-27-23 N2-6/23 subjected me to hardship housing me in hazardous cell containing

led paint, behind a stain window panel steel door."  (Doc. 26 at 10).  And in paragraph 2

he alleges, "12-6-23 to 12-27-23 N2-6/23 subjected me to hardship failing to ensure staff

compliance with all laws, rules, regulations of IDOC."  (*Id.*).  In a later portion of the

pleading entitled "legal claims," Plaintiff alleges

> The 5th and 14th Constitutional Amendment rights Due Process Clause
> entitles plaintiff to be free from deprivations of life, liberty, or property
> without Due Process of law.  Paragraphs 1, 2, 3, 4, 5, 6, 7 Defendants

Hughes, E, Wills, Reichert, Lawrence, K, L, M, N, O, P are held accountable for violating this guaranteed 5th and 14th Amendment right.

(Doc. 26 at 13).  Using the same sort of formatting—numbered paragraphs of factual assertions, followed by a legal assertion—Plaintiff also faults a group of Defendants for violating his First Amendment rights associated with access to the Courts because they did not allow him certain legal materials in restrictive housing.  (Doc. 26 at 12-13).  And he faults a group of defendants for violating his Eighth Amendment rights by exhibiting deliberate indifference to him via restrictions on his ability to groom, exercise outdoors, change his underwear, or access drinkable water for one stint in December of 2023 and another from May to August of 2024.  (Doc. 26 at 12-14).

The problem with this style of pleading is two-fold.  First, many of the eleven numbered paragraphs are insufficiently detailed to suggest a harm of constitutional magnitude.  A few weeks in a cell with led paint, without any assertion of a discrete exposure or harm are insufficient to state a claim.  (Doc. 26 at 10, ¶ 1); *See e.g., Mejia v. McCann*, 2010 WL 5149273 at *8-9 (N.D. Ill. Dec. 10, 2010) (judges have repeatedly held that exposure to lead paint on prison walls is not a constitutional violation, and without a showing of an injury or causation, an inmate cannot state a claim based on the mere presence of lead exposure).  The failure of prison officials to follow with unspecified laws, rules and regulations does not itself give rise to a claim.  (Doc. 26 at 10, ¶¶ 2-3); *see e.g., Bradley v. Village of University Park, Illinois*, 929 F.3d 875, 883 n.3 (7th Cir. 2019) (a violation of state law does not equate to a constitutional violation); *see e.g. Scott v. Edinburgh*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 protects inmates from constitutional violations,

not violations of state laws, prison regulations, or prison policies). The failure to give an inmate a copy of the prison handbook prior to disciplinary infractions does not automatically state a due process claim absent much more detailed assertions about the underlying discipline, the process afforded, and the atypical and significant nature of any alleged punishment. (Doc. 26 at 10, ¶ 4). Likewise, the lack of an opportunity for a short period of time to earn extra amenities at the prison, like audiovisual equipment, is not a constitutional violation because access to these amenities is not protected. (Doc. 26 at 12, ¶ 6). Plaintiff alleges his right to access the courts was violated by a temporary deprivation of his legal materials, but he does not describe any actual injury suffered by a short-term deprivation of just 82 days. (Doc. 26 at 12, ¶ 8); *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (an inmate must show an actual injury to pursue an access to courts claim).

Second, some of Plaintiff's identified issues that come closest to possibly stating a claim are his assertions that for 82 days he lacked access to mental health treatment modalities, he did not have access to his property to change his underwear, he lacked outdoor exercise, and he did not have adequate access to drinkable water or the ability to groom himself. But, with any of these issues he would need to describe associated harm that resulted, and he would need to explain which Defendants personally caused these problems. None of these assertions as presented are sufficient to establish that a harm occurred. For example, though he may not have been able to exercise outside, he may have had access to indoor recreation opportunities, dayroom, the ability to socialize with a cellmate or family on the phone, or the ability to move about and perform basic exercises in his cell. Even if these gaps were filled and he described discrete physical

harms, the pleading is still insufficient because Plaintiff drew no personal links between his fifteen named defendants and these discrete issues with his confinement.  The Court explained two times that in order to succeed on a § 1983 claim, Plaintiff would need to plainly describe the actions that each person took that caused him harm.  He still has not accomplished this simple task.

It is also noteworthy that Plaintiff still has not entirely heeded the guidance to limit his complaint to an appropriate issue and group of defendants as is required by Rules 18-21.  He still has unrelated claims to the extent he complains about discrete topics such as access to the courts, access to mental health treatment, or access to outdoor exercise during two discrete periods of time separated by five months (December of 2023, and then May to August of 2024).  Perhaps in relation to each of these topics he spoke with or encountered the same daily prison employees, but if that is the case, it certainly has not been made obvious by the amended pleadings.

The majority of the named defendants still appear to be high-level supervisory employees.  For example, five of the seven John or Jane Does are described as individuals who have supervisory roles, such as the Southern Region Deputy Director, or the on-site mental health director at Menard.  The named defendants also include the acting Director of the IDOC, the Warden, and two Assistant Wardens.  While it is not infeasible for high-level supervisors to be found liable under § 1983, it is impossible for such liability to be established without any allegation that they had personal knowledge of Plaintiff's situation and failed to intervene.  Here, Plaintiff has not alleged that they had any personal involvement whatsoever, so his allegations are insufficient.  Upon review of

both the original and the first amended complaint, the Court explained to Plaintiff that merely alleging that 'one or more defendants harmed him,' would not be sufficient. (Docs. 18 at 5-6; 25 at 4).

At this point, the Court finds that it has offered ample opportunities and guidance for Plaintiff to re-plead his claims, and he has failed to do so. There was not significant improvement from the First to the Second Amended complaints. Although the Second Amended Complaint was shorter and named half the number of defendants, it does not provide any greater specificity about who did what. The Court plainly explained that Plaintiff needed to give the basic who, what, when and where information underlying his claims, and that it would not be sufficient to blankly list names of defendants in association with claims. (Doc. 25 at 4). The Court gives leave to file amended pleadings freely, but it does not need to give leave or "solicit more litigation spontaneously" where it is not apparent what claim a plaintiff might substitute for those that already failed. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). Here, Plaintiff was already given an opportunity to file two amended complaints, and he was warned about problems with overly generic and unrelated claims like those presented in the Second Amended Complaint. As such, this case is now dismissed for failure to state a claim

under 28 U.S.C. § 1915A.  This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

### Disposition

Based on the foregoing analysis, the Court will **DISMISS** Plaintiff's entire complaint for failure to state a claim under 28 U.S.C. § 1915A.  Plaintiff will not be given leave to amend.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A).  If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

Dated: February 28, 2025

_____
DAVID W. DUGAN
United States District Judge